UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STURGIS,

    Petitioner,

v.

OAKLAND COUNTY CIRCUIT JUDGE,

    Defendant.

_____/

Case No. 16-12957

HON. AVERN COHN

## ORDER OF DISMISSAL

**I.**

Before the Court is plaintiff Donald Sturgis' pro se filing styled "Alternate Writ- Extraordinary Writ." He names "Oakland County Circuit Judge" as defendant. petition for an alternative or extraordinary writ. As best as can be gleaned, plaintiff is a state prisoner who challenges the trial court's refusal to grant him post-conviction relief on his convictions for unlawful posting of a message with aggravating circumstances, M.C.L. § 750.411s(2)(b), aggravated stalking, M.C.L. § 750.411i, two counts of using a computer to commit a crime, M.C.L. §§ 752.796 and 797(3)(d), one count of misdemeanor stalking, M.C.L. § 750.411h, and being a fourth felony habitual offender, M.C.L. § 769.12. For the reasons that follow, this case will be dismissed.

**II.**

Following his convictions, plaintiff filed a filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition was dismissed without prejudice because

petitioner failed to exhaust his state court remedies. Sturgis v. Shane Place, No. 15-11682, 2016 WL 795889 (E.D. Mich. Feb. 29, 2016).

Plaintiff returned to state court and filed a post-conviction motion for relief from judgment under M.C.R. 6.500, et. seq.. The trial court denied the motion. People v. Sturgis, No. 12-240961-FH (Oakland Cty. Cir. Ct. May 11, 2016). The trial also court denied reconsideration. People v. Sturgis, No. 12-240961-FH (Oakland Cty. Cir. Ct. July 14, 2016). It does not appear that plaintiff appealed the denial of his post-conviction motion to the Michigan appellate courts.

Plaintiff has now filed an "Alternative Writ-Extraordinary Writ," in which he claims that the trial court ignored several issues that were raised in the petition and failed to retroactively apply a new U.S. Supreme Court case to petitioner's post-conviction motion. Plaintiff asks the Court to order the trial court to address each and every claim that petitioner raised in his post-conviction motion. Plaintiff also asks the Court to order the trial court to retroactively apply the new Supreme Court case of Elonis v. United States, 131 S. Ct. 1005 (2015) in order to grant him relief.

**III.**

28 U.S.C. § 1651, the All Writs Act, which is presumably the statute upon which plaintiff seeks relief, is not the appropriate avenue for seeking review based on the trial court's decision. Rather, 28 U.S.C.§ 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Sixth Circuit has noted that "numerous federal decisions ...support the

view that all petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions for obtaining habeas relief from a state conviction. See Rittenberry v. Morgan, 468 F.3d 331, 337 (6th Cir. 2006).

Moreover, plaintiff may not use § 1651 to avoid the requirements of § 2254. See Brennan v. Wall, 100 F. App'x 4 (1st Cir.2004); see also Haliburton v. United States, 59 F. App'x 55, 57 (6th Cir.2003) (federal prisoner could not use the All Writs Act to circumvent the prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255); Ward v. Howes, 2007 WL 172515 (W.D. Michigan January 19, 2007)(refusing to entertain petition under § 1651 where habeas corpus petition appropriately considered under § 2254).

Where, as here, a pro se prisoner files a civil action that should have been filed under 28 U.S.C. § 2254, the proper action is to dismiss the action without prejudice. See Martin v. Overton, 391 F. 3d 710, 713 (6th Cir. 2004). Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2016
Detroit, Michigan