UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STURGIS,

    Petitioner,	Case No. 16-12957

v.	HON. AVERN COHN

OAKLAND COUNTY CIRCUIT JUDGE,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 14)

**I.**

Plaintiff Donald Sturgis, proceeding pro se, filed a "Alternate Writ-Extraordinary Writ." He named "Oakland County Circuit Judge" as defendant. As best as could be gleaned, plaintiff challenged the trial court's refusal to grant him post-conviction relief on his state court convictions. The Court dismissed the petition without prejudice on the grounds that plaintiff could not use the All-Writs Act, 28 U.S.C. § 1651, to avoid the requirements under section 2254, which was the proper statute to challenge his state court convictions.[1] Plaintiff then filed a "Motion to Include Newly Discovered Evidence..." (Doc. 12). The Court construed the motion as a motion for reconsideration and denied it. (Doc. 13).

Before the Court is plaintiff's motion styled "Motion for Reconsideration,"

---

[1] Defendant, through the Oakland County Corporation Counsel, filed a motion to dismiss (Doc. 8) days before the Court dismissed the complaint. In light of the dismissal, the motion is moot, although it presents alternative grounds for dismissal that have merit.

essentially arguing that the Court should not have dismissed his case. (Doc. 14). For the reasons that follow, the motion is DENIED.

II.

In order to obtain reconsideration, plaintiff must show a palpable defect by which the Court and the parties have been misled and that a different disposition of the case must result from a correction of the defect. See E.D. Mich. LR 7.1(h). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Plaintiff has not satisfied this standard. In the motion, which runs 157 pages, plaintiff asks the Court to obtain jurisdiction over his state court proceedings and grant him relief under the All-Writs Act. As previously explained, plaintiff must seek relief under section 2254 to challenge any final decision regarding his criminal convictions, not the All-Writs Act. Moreover, to the extent that plaintiff is challenging state court criminal proceedings which are still pending, the complaint is barred by the doctrine of Younger v Harris, 401 U.S. 37 (1971).

SO ORDERED.

                S/Avern Cohn
                AVERN COHN
                UNITED STATES DISTRICT JUDGE

Dated: October 7, 2016
      Detroit, Michigan